# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KELVIN UZONDO CHIDI, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-20-0698 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Kelvin Uzondo Chidi, a state inmate, filed a *pro se* habeas petition under 28 U.S.C. § 2254 seeking relief from his Texas conviction. Respondent Bobby Lumpkin filed a motion for summary judgment (Docket Entry No. 16), to which Chidi filed a response (Docket Entry No. 17). After reviewing the pleadings, all matters of record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this lawsuit for the reasons shown below.

### Background

In 2016, the State of Texas charged Chidi with fraudulently using or possessing identifying information with the intent to defraud and harm another. State Habeas Record at 121.[1] On October 11, 2016, Chidi pleaded guilty in the 179th District Court of Harris County, Texas in cause number 1519556. *Id*. at 100–115. Chidi received four years' deferred adjudication for his crime. *Id*. at 114. As a condition of his supervision, Chidi

---

[1]Respondent has submitted the records from Chidi's state habeas action. (Docket Entry No. 9). The Court will cite to those records as "State Habeas Record at _____."

agreed that he would "[c]ommit no offense against the laws of this or any other State or of the United States." *Id*. at 116.

On June 4, 2018, the State filed a motion to adjudicate guilt because Chidi had committed a new offense. The State alleged that Chidi had committed "the offense of money laundering . . . [i]n that he did unlawfully, pursuant to a single scheme and continuing course of conduct, knowingly possess and receive funds" pursuant to "fraud." *Id*. at 120. On December 7, 2018, Chidi pleaded true to the motion to adjudicate guilt. The trial court sentenced Chidi to fifteen years' confinement. *Id*. at 125–26.

Chidi did not file a direct appeal. On October 1, 2019, Chidi filed a state application for habeas corpus relief. Chidi's application raised two grounds: (1) insufficient evidence supported his 2016 conviction for identification fraud and (2) the attorney in his 2018 case provided ineffective assistance. *Id*. at 2–16. The State filed a response arguing that Chidi's application was subject to dismissal for non-compliance with Rule 73.1 of the Texas Rules of Appellate Procedure. Specifically, the State argued that Chidi had not complied with the page limits on habeas applications. *Id*. at 44. On October 22, 2019, the trial court recommended that Chidi's habeas application be dismissed. *Id*. at 47–48. On October 31, 2019, Chidi filed an amended state habeas application. It does not appear that the Texas courts took any action on his amended pleading.

In November 2019 the trial court forwarded the case to the Texas Court of Criminal Appeals with a recommendation to dismiss Chidi's application. *Id*. at 1. On January 8, 2020,

2

the Texas Court of Criminal Appeals denied Chidi's application without a written order.  *Ex parte Chidi*, WR-90,707-01 (Tex. Crim. App.).

On February 26, 2020, Chidi filed a federal petition for a writ of habeas corpus raising the following grounds for relief:

1.    Insufficient evidence supported his 2016 conviction;

2.    The attorney in his 2018 proceeding provided deficient representation by failing to conduct an adequate investigation; and

3.    The assistant district attorney and the presiding judge exhibited implicit racial bias in his 2018 case.

(Docket Entry No. 1 at 6–7).  Respondent has moved for summary judgment and Chidi has filed a reply.

### Legal Standards

*Habeas Standards*

The writ of habeas corpus provides an important, but narrow, examination of an inmate's conviction and sentence.  *See Harrington v. Richter*, 562 U.S. 86, 103 (2011); *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).  "Society's resources have been concentrated at [a criminal trial] in order to decide, within the limits of human fallibility, the question of guilt or innocence of one of its citizens."  *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *see also McFarland v. Scott*, 512 U.S. 849, 859 (1994) (stating that a "criminal trial is the 'main event' at which a defendant's rights are to be determined").  The States, therefore, "possess primary authority for defining and enforcing the criminal law.  In criminal trials they also hold the initial responsibility for vindicating constitutional rights."  *Engle v. Isaac*, 456 U.S.

3

107, 128 (1982). Given this required deference to the state court system, several principles circumscribe both the nature of federal habeas review and the availability of federal habeas relief. The Court will discuss the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") specific limitations when addressing Chidi's individual grounds for relief.

Chidi represents himself. Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as are pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (quotation omitted). Accordingly, "[t]he filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Id*.

### Summary Judgment

Summary judgment is proper when the record shows "that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). The court applies summary judgment standards to the extent they do not conflict with AEDPA. *See Torres v. Thaler*, 395 F. App'x 101, 106 n.17 (5th Cir. 2010) ("Summary judgement in federal habeas is different than in the average civil case.").

### Analysis

### Insufficiency of the Evidence

In his first ground for relief, Chidi argues that the evidence supporting his 2016 guilty plea was insufficient. Chidi contends that the State should have charged him with the "lesser

4

charge of unauthorized use of a credit card." (Docket Entry No. 1 at 6). In his response to the summary judgment motion, Chidi argues that insufficient evidence supported his conviction because his attorney did not sufficiently advise him of the charge. He also contends that the trial judge and prosecutor threatened and abused him. (Docket Entry No. 17 at 2). Respondent contends that Chidi's claim is both untimely and without merit.

Respondent argues that Chidi's arguments regarding his 2016 guilty plea are time-barred because AEDPA's one-year statutory limitations period had expired before he filed his federal habeas petition.[2] A Texas order of deferred adjudication community supervision is a final judgment for the purposes of 28 U.S.C. § 2244(d). *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). A defendant must file a notice of appeal within 30 days after sentencing. Tex. R. App. Proc. 26.2(a)(1). Chidi did not file a direct appeal, which means that the order of deferred adjudication became final 30 days after it was entered on October 11, 2016. Accordingly, the limitations period to file a § 2254 petition regarding Chidi's November 10, 2016 guilty plea expired one year later on November 10, 2017. *See* 28 U.S.C. § 2244(d)(1)(A).[3]

---

[2] For reasons that are unclear, Respondent says that Chidi's first claim is "partially" unexhausted, but then proceeds to argue that the entire claim is barred by the limitations period. (Docket Entry No. 16 at 7).

[3] Chidi argues that AEDPA's limitations period does not apply because (1) he did not have a right to appeal his sentence and (2) the claims are not available until a person violates the conditions of his deferred adjudication. (Docket Entry No. 17 at 2). Chidi then argues that his judgment became final on December 7, 2018. (Docket Entry No. 17). Chidi has not persuasively shown that the limitations period should not run from the time of his guilty plea in 2016.

Chidi's federal petition is untimely unless he can demonstrate tolling of the limitations period.  AEDPA provides statutory tolling of the limitations period during the pendency of "a properly filed application for State post-conviction or other collateral review . . . ."  28 U.S.C. § 2244(d)(2).  Chidi's Article 11.07 application did not toll the limitations period because he filed it after the limitation period ended.  *McFarland*, 227 F.3d at 263.

Equitable tolling is available at the court's discretion "only in rare and exceptional circumstances."  *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (citation and internal quotation marks omitted).  A petitioner is entitled to equitable tolling only when he has been pursuing his rights diligently, and some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Only extraordinary cases justify the invocation of equitable tolling.  *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Chidi has not offered any adequate explanation for his delay in seeking federal habeas review.  Although Chidi represents himself, a prisoner's *pro se* status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).  Because Chidi has not shown any basis for tolling, AEDPA's limitations period bars federal review of his first claim.

The Court is mindful of the effect a dismissal will have on Chidi's ability to have his claim heard by a federal court, but the record does not disclose exceptional circumstances

6

that would warrant equitable tolling.  *See Felder*, 204 F.3d at 173.  Because Chidi fails to establish that any exception to the AEDPA statute of limitations applies, the Court finds that his first ground for relief is untimely under 28 U.S.C. § 2244(d)(1).

Alternatively, Respondent argues Chidi's claim of insufficient evidence fails because he signed a stipulation regarding the possession-of-identifying-information offense. State Habeas Record at 100–101.  Chidi also pleaded guilty to the offense.  A prisoner cannot plead guilty to an offense, admit the truth of the charges against him, and then complain about insufficient evidence.  *See Kelly v. Alabama*, 636 F.2d 1082, 1083–84 (5th Cir. 1981) (holding that a defendant who pleads guilty cannot later demand a trial unless there is some infirmity in the entry of his guilty plea); *see also United States v. Vanchaik-Molinar*, 195 F. App'x 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence.").  Once a defendant pleads guilty, no federal constitutional issue remains as to the sufficiency of the evidence.  *See Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986).  Accordingly, if Chidi's first claim were not untimely, it would be denied as meritless.

*Ineffective Assistance of Counsel*

In his second ground for relief, Chidi claims that the attorney who represented him in the 2016 criminal proceeding inadequately investigated his case.  Chidi alleges that, as a result of the inadequate preparation, counsel provided bad advice about pleading guilty. Under *Strickland v. Washington*, 466 U.S. 668, 686 (1984), a criminal defendant's Sixth

Amendment rights are "denied when a defense attorney's *performance* falls below an objective standard of reasonableness and thereby *prejudices* the defense." *Yarborough v. Gentry*, 540 U.S. 1, 3 (2003) (emphasis added); *see also Rompilla v. Beard*, 545 U.S. 374, 387 (2005); *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). To establish deficient performance, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A petitioner must also show actual prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694; *see also Wiggins*, 539 U.S. at 534.[4]

Chidi claims that an adequate investigation by counsel would have enabled him to provide a proper defense to the charges against him. Chidi does not describe what counsel failed to investigate or on what basis he could have provided different advice. In his response to the summary judgment motion, Chidi briefly alleges that the charge against him was "wrong," that racial discrimination tainted his prosecution, and that the judge wanted

---

[4] Respondent asks the Court to apply AEDPA deference to Chidi's claims. It is unclear, however, whether the state courts adjudicated the merits of Chidi's habeas claims or dismissed them on procedural grounds. The trial-level court recommended that Chidi's application be dismissed for failing to comply with Rule 73.1. The Texas Court of Criminal Appeals, however, entered an order *denying* his application. Under Texas practice, a "denial" generally signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Those labels, however, are not dispositive. *See id.* ("In determining the nature of a disposition, we look beyond mere labels to the substance of the action taken."); *Ex parte Thomas*, 953 S.W.2d 286, 289 (Tex. Crim. App. 1997) (same). The Texas Court of Criminal Appeals's action is more unclear because the State never responded to the merits of Chidi's arguments, it only disputed the procedural viability of his application. Given the uncertainty as to whether the state courts denied the merits of Chidi's claims or dismissed his action for non-compliance with filing requirements, the Court will not apply AEDPA's deferential review of a decision made on the merits.

him to serve prison time.  A petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."  *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citing *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985).  Chidi has failed to explain what investigation his counsel could have conducted or what evidence any such investigation would have revealed.  *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) ("[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, a habeas court cannot even begin to apply *Strickland*'s standards because it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.") (internal quotation marks omitted).

Further, Chidi has failed to show that counsel's advice to plead guilty did not fall within reasonable standards of representation.  The Fifth Circuit has stated:

> When a petitioner challenges the voluntariness of his guilty plea entered pursuant to the advice of counsel on ineffective assistance grounds, he must establish that his counsel's advice fell below the range of competence demanded of an attorney in a criminal case. Further, he must show prejudice by establishing that but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial. This assessment will turn partially on a prediction of what the outcome of a trial might have been.

*Ward v. Dretke*, 420 F.3d 479, 487 (5th Cir. 2005) (internal citations and quotations omitted). Chidi has not made any allegation showing that counsel's advice was "outside the wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.  Accordingly, Chidi's

unsupported allegations about what counsel should have done does not overcome *Strickland*'s strong presumption that counsel rendered adequate assistance. The Court denies Chidi's claim for ineffective assistance of counsel.

*Racial Bias*

In his third ground for relief, Chidi alleges that the prosecutor and the presiding judge exhibited implicit racial bias against him. Chidi did not raise this claim in state court. A federal court may not grant habeas corpus relief on behalf of a person in state custody unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Chidi could have raised his unexhausted claim in his state habeas application. The Texas courts would now bar a successive petition raising these claims under the Texas abuse-of-the-writ statute. *See* TEX. CODE CRIM. PRO. art. 11.07, § 4(a). Because Chidi did not exhaust his available state court remedies, and Texas procedural law would prevent him from raising the issue in a successive application, his third claim in procedurally barred. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2000).

An inmate may overcome a procedural bar by demonstrating (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Chidi does not demonstrate cause or prejudice for his default. Chidi makes no effort to show a fundamental miscarriage of justice. The Court will deny Chidi's third claim because it is unexhausted and procedurally barred.

### *Certificate of Appealability*

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted).

Having considered Chidi's petition, and in light of AEDPA's standards and controlling precedent, this Court determines that a COA should not issue on any claim.

### *Conclusion*

For the reasons discussed above, the Court GRANTS Respondent's motion for summary judgment and this lawsuit is DISMISSED WITH PREJUDICE.  The Court will not certify any issue for appellate review.

Signed at Houston, Texas on March 19, 2021.

Gray H. Miller
Senior United States District Judge